

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

Signed March 11, 2011

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 10-36376-SGJ-7** |
| **RIVES E. CASTLEMAN** | § | |
| | § | **Chapter 7** |
| **DEBTOR.** | § | |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

CAME ON to be considered the *Motion to Extend Deadline to Object to Discharge Under 11 U.S.C. § 727* [Docket No. 37] (the "Motion"), which was filed by Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC ("CULS"). This Court, having reviewed the Motion and the evidence admitted during the hearing on the Motion and having considered arguments of counsel, makes the following findings of fact and conclusions of law:

### Findings of Fact

1.      On February 24, 2010, CULS obtained a judgment against Rives E. Castleman (the "Debtor") on account of a guaranty agreement that the Debtor executed. This judgment was entered in the adversary proceeding styled as *Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC v. Castleman, et al.*, Adv. Pro. No. 09-3133, in the United States

Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Guarantor Lawsuit"), and provided that the Debtor was liable to CULS for the amount of $40,801,393.73 plus post judgment interest at the then-current federal judgment rate of .36% per annum. *See Judgment* [Docket No. 276], Adv. Pro. No. 09-3133.

2.      After the entry of the Judgment, CULS and the Debtor (and other parties in the Guarantor Lawsuit) were ordered to mediation. *See Mediation Order* [Docket No. 406], Adv. Pro. No. 09-3133. The Mediation Order also provided that, prior to mediation, the Debtor was order to provide CULS with a signed, sworn financial disclosure (which was to include a current balance sheet) and that any deposition of the Debtor would be stayed until after the completion of mediation.

3.      CULS and the Debtor were not able to settle their disputes, and on September 7, 2010 (the "Petition Date"), CULS commenced the above-referenced bankruptcy case by filing an involuntary petition against the Debtor, seeking the entry of an order for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor consented to this involuntary petition, and on October 12, 2010, an order for relief was entered.

4.      The Clerk of the Bankruptcy Court initially issued a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Docket No. 20], which set November 15, 2010 as the date for the meeting of creditors under section 341 of the Bankruptcy Code and January 14, 2011 as the deadline to object to the Debtor's discharge.

5.      Daniel J. Sherman was initially appointed as chapter 7 trustee but resigned on November 11, 2010 because of a conflict of interest, and Scott M. Seidel (the "Trustee") was then appointed as chapter 7 trustee. The Clerk of the Bankruptcy Court thereby issued an amended version of the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, &*

*Deadlines* [Docket No. 29], which reset various deadlines, including the date for the meeting of creditors under section 341 of the Bankruptcy Code, which commenced on December 10, 2010, and the deadline to object to the Debtor's discharge, which was set for February 8, 2011.

6.     After the commencement of the meeting of creditors under section 341 of the Bankruptcy Code, CULS and the Trustee diligently investigated various aspects of the Debtor's bankruptcy estate.   Specifically, CULS and the Trustee raised questions about the JFOT Irrevocable Trust (the "Trust"), which was disclosed on the Debtor's Schedule B [Docket No. 23] as having a current value of approximately $1.1 million, and requested that the Debtor produce various documents relating to the Trust.

7.     On January 21, 2011, the Debtor produced to CULS and the Trustee certain documents relating to the Trust, and although the investigation by CULS and the Trustee has not yet been completed, the preliminary results of this investigation indicate that the following transactions apparently occurred:

(a)     In December 2009 (while CULS was prosecuting the Guarantor Lawsuit against the Debtor), JFOT Interests, LP (the "Partnership") was formed.  Initially, the Debtor's mother owned 99% of the limited partnership interests in the Partnership, and JFOT GenPar LLC (the "GP") was the general partner of the Partnership.   The Debtor, the Debtor's mother, and the Debtor's brother were members of the GP.

(b)     Around this time, the Trust was formed between the Debtor's mother, as settlor, and the Debtor and his brother, as co-trustees.  The Debtor, the Debtor's brother, and the Debtor's sister were beneficiaries of the Trust.

(c)     The Debtor's mother subsequently gifted cash to the Trust and gifted approximately $8 million of publicly-traded securities to the Partnership. Virtually all of the limited partnership interests in the Partnership were then sold to the Trust, which executed a secured promissory note (for an amount equal to the value of those interests), made payable to the Debtor's mother.

8.     After receiving those documents, CULS still had questions about the Trust and requested that the Debtor produce additional documents.  CULS also informed the Debtor that

CULS wished to examine the Debtor under Federal Bankruptcy Rule 2004 and that CULS wanted such examination to occur after all of the requested documents were produced by the Debtor.  An examination of the Debtor under Federal Bankruptcy Rule 2004 was subsequently scheduled to occur during the week of February 28, 2011.  *See Order Granting Motion of Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC to Examine Rives E. Castleman under Federal Bankruptcy Rule 2004* [Docket No. 51].

9.      As CULS continued to investigate the Trust, the initial production of documents by the Debtor caused CULS to question whether an objection to the Debtor's discharge under section 727 of the Bankruptcy Code would be appropriate.

10.     Therefore, on January 6, 2011, counsel for CULS sent to counsel for the Debtor an e-mail requesting that the February 8, 2011 deadline to object to the Debtor's discharge be extended if the investigation of the Trust could not be completed prior to that deadline.  The parties continued to discuss scheduling matters, and on January 11, 2011, counsel for CULS requested that the Debtor agree to a 30-day extension of the February 8 discharge objection deadline.  Later that day (after conferring with the Trustee), counsel for the Debtor sent an e-mail to the Trustee and counsel for CULS, indicating that the Debtor agreed to a 30-day extension of this deadline.

11.     On January 31, 2011, counsel for CULS sent to the Trustee and counsel for the Debtor a proposed draft of an agreed motion to extend the deadline to object to the Debtor's discharge.

12.     On February 1, 2011, counsel for the Debtor sent to the Trustee and counsel for CULS an e-mail, whereby the Debtor (for the first time) took the position that the deadline to object to the Debtor's discharge was really January 14, 2011, and because a motion to extend this

deadline had not been filed before that time, the Debtor refused to agree to the requested extension and claimed that parties no longer had the ability to object to the Debtor's discharge. CULS therefore filed the Motion, requesting that this Court find that February 8, 2011 was the deadline to object to the Debtor's discharge and that this deadline should be extended by thirty days.

## Conclusions of Law

13.     Under Federal Bankruptcy Rule 4004(a), the deadline for objecting to a debtor's discharge under section 727 of the Bankruptcy Code is "60 days after the first date set for the meeting of creditors under § 341(a)."

14.     Pursuant to Federal Bankruptcy Rule 4004(b), a bankruptcy court may "for cause" grant a motion of any party in interest to extend the discharge objection deadline if such motion has been filed before the deadline.

15.     Because the Clerk of the Bankruptcy Court set November 15, 2010 as the first date for the meeting of creditors under section 341 of the Bankruptcy Code (*see Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Docket No. 20]), Federal Bankruptcy Rule 4004(a) provides that the deadline to object to the Debtor's discharge under section 727 of the Bankruptcy Code was January 14, 2011. *See In re Miller*, 333 B.R. 368, 373 (Bankr. N.D. Tex 2005), *affirmed, Don L. Owen, Inc. v. Miller (In re Miller)*, 2006 U.S. Dist. LEXIS 13559 (N.D. Tex. 2006).

16.     However, the deadline established by Federal Bankruptcy Rule 4004(a) is not jurisdictional and may be waived. *See Kontrick v. Ryan*, 540 U.S. 443, 459-60 (2004) (declining to rule on whether any exceptions other than waiver extend the deadline for filing objections to discharge); *see also Neeley v. Murchison*, 815 F.2d 345, 347 n.5 (5th Cir. 1987) (differentiating

between situations in which a clerk does not provide any information about the discharge objection deadline and situations in which a clerk provides "affirmative but erroneous notice of a bar date").  Moreover, the Fifth Circuit has recognized other situations in which the discharge objection deadlines should be deemed to have occurred after the sixtieth day following the first date set for the meeting of creditors under section 341 of the Bankruptcy Code.  *See, e.g., In re Dunlap*, 217 F.3d 311, 317 (5th Cir. 2000); *Coston v. Bank of Malvern*, 987 F.2d 1096, 1101-02 (5th Cir. 1992).  In addition, numerous courts have held that, when clerks makes affirmative misstatements about discharge objection deadlines, parties are entitled to rely on the deadlines that the clerks establish (even if those deadlines do not conform to the provisions of Federal Bankruptcy Rule 4004(a)).  *See, e.g., The Official Comm. Of Unsecured Creditors of the Project Group, Inc. v. Crawford (In re Crawford)*, 347 B.R. 42, 46 (Bankr. S.D. Tex. 2006) (stating that circuit courts "are [u]nanimous" in holding that "Clerks' [a]ffirmative FRBP 4004 [e]rrors" require the allowance of late-filed objections to discharge).

17.    Because the amended version of the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Docket No. 29] set February 8, 2011 as the deadline to object to the Debtor's discharge, parties were entitled to rely on that notice, and based on this Court's equitable powers, February 8, 2011 will be deemed to have been the original deadline for parties to have filed objections to the Debtor's discharge under section 727 of the Bankruptcy Code.  In addition, because the Debtor previously agreed to an extension of this deadline, equitable factors further weigh in favor of recognizing February 8, 2011 as the original deadline to object to the Debtor's discharge.

18.    Finally, pursuant to Federal Bankruptcy Rule 4004(b), this Court will grant the request of CULS for the discharge objection deadline to be extended by thirty days (from

February 8, 2011 to March 10, 2011) <u>for CULS and the Trustee</u> because CULS (a) filed the Motion requesting this extension prior to the original deadline of February 8, 2011 and (b) established "cause" by demonstrating (among other things) that it and the Trustee have been diligent in investigating what appears to be complicated pre-bankruptcy transactions involving the Debtor.

### END OF ORDER ###